## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIAM PEAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:10-cv-343-JMS-DKL |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Discussing Motion for Summary Judgment

As used in this Entry, "Peay" refers to plaintiff William Peay, "BOP" refers to the Federal Bureau of Prisons, "FCC" refers to the Federal Correctional Complex at Terre Haute, Indiana, and "SHU" refers to the Special Control Unit of the FCC.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Peay seeks relief pursuant to both of these theories. His claim of negligence is asserted pursuant to the FTCA and his claim of failure to protect him from assault by another inmate is asserted pursuant to *Bivens*.

For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted.

### I. Background

Peay was formerly confined at the FCC, and while there was assaulted by inmate McDonald on the morning of January 13, 2009. The assault took place inside recreation cell number four in the Special Housing Unit ("SHU"). Peay suffered injuries from the assault.

The FCC is a prison operated by the BOP. Each of the defendant individuals was employed by the BOP and assigned it to the FCC at the time of the assault described above.

As a result of the assault, Peay filed suit against the United States pursuant to the FTCA and against the defendant individuals pursuant to the theory recognized in *Bivens.*

## II. Discussion

### A. Summary Judgment Standard

The defendants have appeared in the action and seek resolution of Peay's claims through the entry of summary judgment.[1]

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). *See Fed.R.Civ.P.* 56(c)(1)(A),B)(both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). If a party "fails to properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

---

[1] Officer Ferrell has not appeared in the action, but the circumstances are such that the other defendants' motion for summary judgment is imputed to this defendant, as well. *See Acequia, Inc. v. Prudential Ins. Co. of Am.,* 226 F.3d 798, 807 (7th Cir. 2000) ("[W]here one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant summary judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition.").

In this case, Peay has not opposed the motion for summary judgment. The consequence of this is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. *Bivens* Claim

Prison officials have a duty to take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively Asufficiently serious so that a prison official=s act or omission results in the denial of the minimal civilized measure of life=s necessities,@ and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

A corollary to the requirement of deliberate indifference in this setting is this: "Because vicarious liability is inapplicable to *Bivens . . .* suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009); *see also Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (AA plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions.@). Thus, defeat the summary judgment motion as to his *Bivens* claim, Peay must come forward with evidence sufficient to create a genuine issue of fact that each defendant had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Lewis v Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (internal quotation omitted).

With this requirement in mind, defendants Officer Weyrauch, Officer J. Goodwin, Officer Ferrell and Officer Basinger are entitled to the entry of summary judgment because none of these defendants were personally involved in allowing McDonald to gain access to Peay.

Defendant Elliott did permit McDonald and Peay to have recreation in adjoining recreation cells, but did so only after determining that the two inmates were not on record with the BOP as needing to be separated from each other. There

was no information known to Elliott or other FCC staff indicating that a potential conflict existed between Peay and McDonald.

When Peay realized that he was alone in recreation cell 3, he walked over to recreation cell 4 and asked Elliott to permit him to have recreation with the inmates in recreation cell 4. After checking and finding that there were no inmates in recreation cell for from whom the BOP directed that Peay be separated, Elliott unlocked the door to recreation cell four. McDonald then came from recreation cell 4 and grabbed the door to cell 3 and started to pull it open. Peay came to the door and tried to pull it closed, saying "he can't come in here."

Once Elliott realized that there was a problem, he called for additional staff. McDonald gained entrance to recreation cell 3, chased Peay into a corner, and assaulted Peay. As additional staff arrived, McDonald and Peay were separated.

The evidentiary record negates the elements of deliberate indifference on the part of Officer Elliott. That same record shows that Officer Elliott responded reasonably once he became aware that Peay faced a risk of danger. For each of these reasons, Officer Elliott is entitled to the entry of summary judgment.

### C. The FTCA

The FTCA is a limited waiver of the United States sovereign immunity. Through the FTCA, Congress authorized suits against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b).

The FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of negligence of government employees. *See United States v. Muniz,* 374 U.S. 150 (1963). "While the FTCA on its face is a 'broad waiver' of sovereign immunity that provides for governmental liability commensurate with that of private parties, its waiver of immunity is far from absolute." *Calderon v. United States*, 123 F.3d 947, 948 (7th Cir. 1997). For example, 28 U.S.C. § 2680(a) provides:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or *based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government,* whether or not the discretion involved be abused [is not actionable under 28 U.S.C. § 1346(b)].

28 U.S.C. § 2680(a). "This discretionary function exception to the FTCA 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" *Dykstra v. United States Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998) (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984)). The Supreme Court applies a two-part test to determine whether an act is discretionary and falls within the discretionary function exception to the FTCA. *See Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988). First, the exception bars claims based on decisions made at the policy or planning level. This includes claims based on "day-to-day management decisions if those decisions require judgment as to which range of permissible courses is wisest." *Fazi v. United States,* 935 F.2d 535, 538 (2d Cir. 1991) (citing *United States v. Gaubert*, 499 U.S. 315 (1991)). Second, even when an element of judgment or choice is involved, the judgment must be based on considerations of public policy. *Gaubert*, 499 U.S. at 323.

The duty of care implicated by Peay's claim is created by 18 U.S.C. § 4042. This statute provides:

> The Bureau of Prisons, under the direction of the attorney general, shall . . . provide . . . for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States . . . [and] provide for the protection . . . of all persons charged with or convicted of offenses against the United States.

18 U.S.C. § 4042(a)(2) and (3)(West 2000). This statute has been analyzed relative to a claim such as Peay presents here, with the conclusion that it falls within the discretionary function exception to the FTCA. *Calderon,* 123 F.3d at 950 ("While it is true that this statute sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty. The statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates."). The rationale for this has been explained in these terms:

> "[t]he statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates." *Id.* We thus thought it clear from the terms of section 4042 that the prison's decision not to discipline the source of the threats against Calderon was a discretionary act and that the pertinent question was whether that decision was grounded in policy. *Id.* We rejected the plaintiff's contention that the day-to-day actions of correctional officers are not policy-based and so are outside the ambit of the discretionary function exception. "It is clear that balancing the need to provide security with the rights of the inmates to circulate and socialize within the prison involves considerations based on public

policy." *Id.* at 951. The record before the court left no doubt on that score: the evidence revealed that BOP personnel in evaluating potential safety/disciplinary measures were required to consider such factors as economic feasibility, staff allocation, security concerns, and disruption of an inmate's participation in rehabilitation programs. *Id.; see also Santana- Rosa v. United States,* 335 F.3d 39, 44-45 (1st Cir. 2003); *Alfrey v. United States,* 276 F.3d 557, 564-67 (9th Cir. 2002); *Cohen v. United States,* 151 F.3d 1338, 1342-43 (11th Cir. 1998); *Dykstra v. U.S.B.O.P.,* 140 F.3d 791, 796 (8th Cir. 1998).

*Palay v. United States*, 349 F.3d 418, 428-29 (7th Cir. 2003).

That is precisely the nature of the situation faced by Officer Elliott as described above and of the decision he made to permit Peay to have recreation with the inmates in recreation cell 4. In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law in this instance is that liability for an assault due to alleged negligence by the BOP is exempt from the FTCA because of the discretionary function exception. Peay has not shown otherwise, and for the reasons explained above the United States' motion for summary judgment must be granted.

**Conclusion**

The party opposing a summary judgment motion bears an affirmative burden of presenting evidence that a disputed issue of material fact exists. *See Wollin v. Gondert,* 192 F.3d 616, 620 (7th Cir. 1999). If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party.@ *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996). The only conclusions supported by the evidentiary record in this case are that that defendants Officer Walter H. Elliott, III, Officer Weyrauch, Officer J. Goodwin, Officer Ferrell, and Officer Basinger were not deliberately indifferent to a substantial risk of serious harm to Peay and that the decision by Officer Elliott to permit Peay to have recreation with the inmates in cell 4, including inmate McDonald, was the exercise of discretion outside the limited waiver of sovereign immunity in the FTCA. Accordingly, the defendants' motion for summary judgment [42] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/03/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana