# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM PEAY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 2:10-cv-343-JMS-DKL |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## E N T R Y

The defendants' unopposed motion for summary judgment was granted and final judgment was entered on April 4, 2012. On October 22, 2012, the plaintiff filed a motion for relief pursuant to Rule 60(b).

Rule 60(b) allows a court to relieve a party from final judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect," or "newly discovered evidence," or fraud. *Fed. R. Civ. P.* 60(b). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

Plaintiff argues that the final judgment should be vacated on the basis of excusable neglect. He requests an opportunity to respond to the motion for summary judgment. He alleges that he did not respond to the motion for summary judgment because his copy of the motion for summary judgment and his evidence were misplaced by prison staff and were sent with another prisoner, Mr. Baker, who was transferred to another prison. The plaintiff submitted an affidavit from Baker stating that after Baker was transferred, Baker discovered that the plaintiff's legal documents were mixed in with his property. The defendants oppose the plaintiff's request for relief.

The defendants' motion for summary judgment was filed on November 22, 2011. The plaintiff filed three motions for extension of time to respond to the motion: December 5, 2011, December 12, 2011, and January 23, 2012. Each motion was granted, ultimately extending the deadline for plaintiff's response to February 24, 2012. The plaintiff did not respond to the motion nor did he file any subsequent motions for extension of time.

It is clear that not only did the plaintiff have in his possession the motion for summary judgment shortly after it was filed, but he also knew how to seek additional time to complete his response. The affidavit from Baker does not identify the time frame of when he was transferred or when he discovered the plaintiff's legal materials, but those circumstances are irrelevant to the plaintiff's failure to respond to the motion for summary judgment. Regardless of what happened to the materials, the plaintiff has not shown any basis to excuse his failure to seek additional time to respond before his February 24, 2012, deadline passed. Such neglect on the part of the plaintiff is not "excusable" and his request for extraordinary relief is not warranted. His Rule 60(b) motion [57] is therefore **denied.**

**IT IS SO ORDERED.**

Date: 11/02/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

William Peay
#03533-077
Coleman II U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1034
Coleman, FL   33521

All Electronically Registered Counsel